IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. _____

PETER CATINELLA
    Plaintiff,

v.

MAXTOR CORPORATION,
    Defendant

04-10433 MLW

### MOTION FOR IMPOUNDMENT

Pursuant to Local Rule 7.2, the defendant, Maxtor Corporation, respectfully moves the Court to impound the plaintiff's Complaint dated February 13, 2004 filed herewith. The defendant also moves the Court to impound the instant motion, which relates to the allegations contained in the Complaint. This material should be impounded until further order of the Court. Following the impoundment period, custody of the Complaint should be assumed by the undersigned counsel for the defendant.

As good cause for granting this motion, the defendant states that the Complaint discloses the purported identity of the defendant's vendors, and discloses the purported existence of non-disclosure agreements with these vendors, as well as the purported terms of those purported agreements. (Complaint, ¶ 7-11, 15-31.) The Complaint alleges that the defendant has shared, or attempted to share, its vendors' confidential business information and

trade secrets with other vendors, in violation of the purported non-disclosure agreements. (Complaint, ¶ 9-31.) Because dissemination of these allegations will harm the defendant's business, most notably its business relationships with its vendors, both the Complaint and the instant motion should be impounded.

Potential damage from the release of sensitive business information has been deemed a ground for denying access to court documents. See Republic of the Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 663 (3d Cir.1991) ("'[t]he potential effects of the disclosure of business information that might harm the litigant's competitive standing may in some cases meet the burden of [justifying keeping] the judicial record under seal'") (quoting Republic of the Philippines v. Westinghouse Electric Corp., 139 F.R.D. 50, 61 (D.N.J.1991)); In re Orion Pictures Corp., 21 F.3d 24, 27-28 (2d Cir. 1994)(court held that "commercial information" would remain under seal in bankruptcy proceeding when there was "good cause" for nondisclosure); see also Nixon v. Warner Communications, Inc., 435 U.S. 589, 598, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (court files should not be used as sources of information that may harm a business's ability to compete) (citing Schmedding v. May, 92 Iowa 593, 61 N.W. 201, 202 (Mich.1891)).

In this case, the defendant risks compromising its vendor relationships, should allegations of violating non-disclosure agreements come to light. The defendant is a supplier of hard disk drive storage products and solutions. As such, this potential harm is increased given the small number of vendors in the

applicable market. The defendant's competitive standing is closely intertwined with its relationships with these vendors, and disclosure of the allegations contained in the Complaint would have a disastrous effect on the defendant's ability to bring products to market. Impounding the Complaint and the instant motion is therefore appropriate under relevant caselaw.

Because the defendant is required to remove this action with thirty (30) days of receipt of the Complaint by the defendant, it submits this motion herewith its removal papers. See 28 U.S.C. § 1446(b).

WHEREFORE, the undersigned respectfully moves this honorable Court to impound the Complaint as well as the instant motion.


Date: March 3, 2004                                  Respectfully submitted,

                                                     By: _____
                                                     N. Kane Bennett of
                                                     **HALLORAN & SAGE, LLP**
                                                     One Goodwin Square
                                                     225 Asylum Street
                                                     Hartford, CT 06103
                                                     (860) 522-6103
                                                     BBO# 636731
                                                     Attorney for the Defendant

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

The undersigned attorney certifies that prior to filing the present motion, he conferred with plaintiff's counsel, Mr. Robert S. White, by telephone and attempted in good faith to narrow or resolve this issue. The undersigned has determined that Attorney White does not object to this motion.

N. Kane Bennett

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record of each party on March 3, 2004.

Robert S. White, Esq
**Bourgeois, Dresser, White & Beard**
4 Dix Street
Worcester, MA 01609
BBO #552229
Tel. (508) 798-8801

N. Kane Bennett, Esq.
Halloran & Sage, LLP
BBO #636731

519537.1(HSFP)