FILED
IN CLERK'S OFFICE

2004 APR 14 P 12: 28

U.S. DISTRICT COURT
DISTRICT OF MASS.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10433MLW

PETER CATINELLA, )
    Plaintiff, )
  )
v. )
  )
MAXTOR CORPORATION, )
    Defendant. )
_____)

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, Maxtor Corporation, hereby responds to the Plaintiff's Complaint dated February 12, 2004 and interposes Affirmative Defenses as follows:

### FIRST DEFENSE

The Complaint does not state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendant responds to the Plaintiff's Complaint paragraph by paragraph as follows:

1.    The allegations of Paragraph 1 are admitted, based on information and belief.

2.    As to the allegations of Paragraph 2, the Defendant admits that Defendant Maxtor Corporation (hereinafter "Maxtor") is a corporation with a place of business at 333 South Street, Shrewsbury, Worcester County, Massachusetts.

3.    The allegations of Paragraph 3 are admitted.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

4. The allegations of Paragraph 4 are admitted.

5. As to the allegations of Paragraph 5, the Defendant admits that the Plaintiff signed an Acknowledgement of Receipt of Maxtor's Employee Handbook in March 2001 stating that he understood that he was to become familiar with the Handbook's contents. As to the remainder of the allegations of Paragraph 5, the Defendant lacks sufficient information with which to respond, and therefore leaves the Plaintiff to his proof.

6. As to the allegations of Paragraph 6, the Defendant admits that the Plaintiff signed an Acknowledgement of Receipt of Maxtor's Employee Handbook in March 2001 stating that he understood that he was to become familiar with the Handbook's contents. The remainder of the allegations contained in Paragraph 6 are admitted.

7. The allegations of Paragraph 7 are denied.

8. The allegations of Paragraph 8 are admitted.

9. The allegations of Paragraph 9 are denied.

10. As to the allegations of Paragraph 10, the Defendant admits that the Defendant was bound by a non-disclosure agreement with Ozu in October/November 2001. As to the remainder of the allegations of Paragraph 10, the Defendant lacks sufficient information with which to respond, and therefore leaves the Plaintiff to his proof.

2

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103

HALLORAN  
& SAGE LLP

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

11. The allegations of Paragraph 11 are denied.

12. As to the allegations of Paragraph 12, it is admitted that the Defendant's Employee Handbook prohibits release of confidential information to third parties unless a written agreement regarding restrictions on use or disclosure has been executed by an officer of Defendant, and other appropriate procedures have been followed.

13. As to the allegations of Paragraph 13, since the Defendant never asked the Plaintiff engage in any intentional or wrongful transfer of proprietary information, the allegations are denied.

14. As to the allegations of Paragraph 14, the Defendant lacks sufficient information with which to respond, and therefore leaves the plaintiff to his proof.

15. The allegations of Paragraph 15 are denied.

16. The allegations of Paragraph 16 are admitted.

17. The allegations of Paragraph 17 are denied.

18. The allegations of Paragraph 18 are denied.

19. The allegations of Paragraph 19 are denied.

20. As to the allegations of Paragraph 20, the Defendant lacks sufficient information with which to respond, and therefore leaves the plaintiff to his proof.

21. The allegations of Paragraph 21 are admitted.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

22. As to the allegations of Paragraph 22, the Defendant lacks sufficient information with which to respond, and therefore leaves the plaintiff to his proof.

23. The allegations of Paragraph 23 are denied.

24. As to the allegations of Paragraph 24, the Defendant lacks sufficient information with which to respond, and therefore leaves the Plaintiff to his proof.

25. As to the allegations of Paragraph 25, the Defendant lacks sufficient information with which to respond, and therefore leaves the Plaintiff to his proof.

26. The allegations of Paragraph 26 are denied.

27. The allegations of Paragraph 27 are denied.

28. The allegations of Paragraph 28 are denied.

29. The allegations of Paragraph 29 are denied.

30 The allegations of Paragraph 30 are denied.

31. The allegations of Paragraph 31 are denied.

32. As to the allegations of Paragraph 32, the Defendant admits that the Plaintiff was restored to his presentation responsibilities before the Cobra Program Review Board in September 2003. The remainder of the allegations in Paragraph 32 are denied.

33. As to the allegations of Paragraph 33, the Defendant admits that the Defendant notified the Plaintiff on or about June 16, 2003 that he was eligible to participate in Defendant's 2003 Incentive Plan. The Defendant admits that, under the

4

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

plan, the Plaintiff's 2003 Incentive Target was seventeen percent (17%), based on his December 31, 2003 base salary. Defendant denies that the Plaintiff met the conditions precedent for payment under the plan.

44. The allegations of Paragraph 34 are denied.

35. As to the allegations of Paragraph 35, the Defendant admits that Maxtor surpassed its performance goals sufficiently for Maxtor to increase incentive bonuses by fifty percent for the fiscal year 2003. The remainder of the allegations in Paragraph 35 are denied.

36. As to the allegations of Paragraph 36, the Defendant lacks sufficient information with which to respond, and therefore leaves the Plaintiff to his proof.

37. As to the allegations of Paragraph 37, the Defendant lacks sufficient information with which to respond, and therefore leaves the Plaintiff to his proof.

38. As to the allegations of Paragraph 38, the Defendant lacks sufficient information with which to respond, and therefore leaves the Plaintiff to his proof.

39. As to the allegations of Paragraph 39, the Defendant admits that the Plaintiff was suspended on September 29, 2003 and that his employment was terminated on September 30, 2003.

## COUNT I
(Wrongful Termination)

40. The Defendant hereby incorporates its responses to Paragraphs 1-39 as its responses to Paragraph 40 of Count I.

5

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

41. The allegations of Paragraph 41 are denied.

42. The allegations of Paragraph 42 are denied.

43. The allegations of Paragraph 43 are denied.

COUNT II
(Breach of Contract)

44. The Defendant hereby incorporates its responses to Paragraphs 1-39 as its responses to Paragraph 44 of Count II.

45. The allegations of Paragraph 45 are denied.

COUNT III
(Implied Covenant of Good Faith and Fair Dealing)

46. The Defendant hereby incorporates its responses to Paragraphs 1-39 as its responses to Paragraph 46 of Count III.

47. The allegations of Paragraph 47 are denied.

**WHEREFORE**, Defendant Maxtor Corporation moves the Court to dismiss each count of the Plaintiff's Complaint addressed to it and award the Plaintiff no damages.

### THIRD DEFENSE

Upon information and belief, the Plaintiff has failed to mitigate his damages.

### FOURTH DEFENSE

The Defendant's actions were all undertaken for legitimate, non-retaliatory reasons.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## FIFTH DEFENSE

No contract or covenant, actual or implied, existed between the parties, and no contract or covenant was breached.

## SIXTH DEFENSE

The Plaintiff cannot point to any well-established public policy that was violated by the Defendant.

## SEVENTH DEFENSE

The Plaintiff did not satisfy the conditions precedent for compensation pursuant to the Defendant's Incentive Plan.

The Defendant,
Maxtor Corporation

By: _____
James M. Sconzo of
HALLORAN & SAGE, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
(860) 522-6103
sconzo@halloran-sage.com
Fax (860) 548-0006
Attorney for the Defendant

Dated: April 14, 2004

7

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served, via first class mail, upon the attorney of record of each party on April 14, 2004:

Robert S. White, Esq
**Bourgeois, Dresser, White & Beard**
4 Dix Street
Worcester, MA 01609
BBO #552229
Tel. (508) 798-8801

_____
James M. Sconzo

537075.1(HSFP)

8

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105